PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAMÓN CARDONA, Defendant and Appellant.

No. 2877.   Argued January 27, 1927.—Decided April 22, 1927.

*José Luis R. Cancio* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was twice convicted, first in the municipal court and later on appeal after a trial *de novo* in the district court, of a violation of the Internal Revenue Law.

Subdivision 4 of section 29 of the Code of Criminal Procedure requires a justice of the peace to render his decision within 24 hours after a case is tried.   The theory of appellant is that the district court is bound by the same rule upon a trial *de novo*, for the reason that in the exercise of an appellate jurisdiction the district judge can not render

any judgment which could not have been rendered by the municipal court. 24 Cyc. 750.

The *fiscal* in reply cites *People* v. *Sánchez,* 16 P.R.R. 682; *Ex parte Bermúdez,* 8 P.R.R. 23; *People* v. *Rivera,* 13 P.R.R. 192; *People* v. *Negroni,* 13 P.R.R. 198, and *People* v. *Varela,* 25 P.R.R. 364. Whether or not these cases are conclusive upon the point discussed in the briefs is a question which need not be determined at this time.

In the instant case the judgment in the district court was rendered some three or four days after the trial *de novo.* Both appellant and the *fiscal* of the Supreme Court seemed to have overlooked the express provision of paragraph 5 of section 29, *supra,* to the effect that the district court must render its decisions within two days after the trial *de novo.*

"In most jurisdictions it is provided by statute that where a justice tries a case without a jury he must render his judgment immediately or within a certain specified period after the final submission of the cause, usually four days, although the time varies in different jurisdictions. By the great weight of authority a statute of this nature is mandatory, and where a justice fails to observe the statute and renders judgment at a later date, the judgment is invalid. The obvious purpose of such a provision is to have the controversy ended promptly, while the parties are present, so that they may be relieved of the necessity of attending the court to ascertain the result, and thus be enabled promptly to take such further steps as may be necessary. In a few jurisdictions, however, statutes touching the time of the rendition of judgments by a justice's court without a jury have been construed to be directory merely, and judgments rendered after the expiration of the statutory period have been held to be valid. This view is founded upon the notion that since no penalty is imposed for a violation of the statute, it may not be presumed that the legislature intended to put the parties to the expense of a retrial because the justice fails to observe it. Other courts, adopting a more liberal rule, hold that the justice may take the case under advisement for a reasonable time; but even these declare the rule that the adjournment must be had to a particular time and place, so that the parties may be present, if they desire, to know the result at the time and thus be enabled to take such steps as may be deemed advisable to protect their rights, and an order should be entered on the

docket as is required when postponements are granted by the justice or allowed by consent of the parties, or for cause before the trial begins. It has frequently been held that the statutory limitation of the time in which a justice shall render his judgment is intended for the convenience of the parties and the protection of their rights, and that a compliance with the statute may be waived by them." 16 R.C.L. pp. 385-6, section 64.

The record in the instant case contains a copy of an entry upon the minutes dated May 14, 1925, which recites that the case came on to be heard upon the date last mentioned; that defendant appeared by his attorney and in person; that the complaint having been read, defendant pleaded not guilty and evidence was adduced by both parties, and that thereupon the case was submitted and taken under advisement by the court and the judge specified May 18th at 9 o'clock a. m. as the time when judgment would be rendered.

No objection seems to have been made to the course adopted by the trial judge and no exception was taken.

The judgment was pronounced and sentence imposed on May 18th, likewise without objection or exception on the part of defendant.

Thus it appears that the court below was within the rule that the statutory period prescribed for the rendition of judgment may be extended by an order made in the presence of the parties and, entered upon the minutes,—conceding for the sake of argument, without holding, that the provision in question should be regarded as mandatory rather than directory in the case of a district court when disposing of criminal cases after a trial *de novo* on appeal from a municipal court.

But, be this as it may, the question now sought to be raised by appellant comes too late when presented for the first time on appeal. See 8 Cal. Jur. 448-453, par. 468-470; also notes, A.S.R., L.R.A. and Ann. Cas., cited in support of final statement contained in extract from 16 R.C.L., *supra.*

Appellant also insists that the district judge erred in weighing the testimony and that the judgment is contrary to the evidence.

For the purposes of this opinion it may be conceded that at least one of the two principal witnesses for the prosecution was an accomplice and that the testimony of the other, to wit, the wife of the alleged accomplice, was not wholly disinterested. But the possession by the supposed accomplice of contraband cigars made in the factory of defendant is not only conceded by defendant's theory of the case, but independently established as a fact by the testimony for the defense. That testimony, if true, also explains how the cigars came into the possession of the star witness for the prosecution. But the court below was not obliged to accept this explanation. Obviously the trial judge did not believe the testimony for defendant upon this point. The fact that a retail dealer was found to have in his possession cigars upon which no tax had been paid, manufactured by defendant, was an incriminating circumstance tending to connect defendant with the commission of the offense imputed to him.

All things considered, we are unable to agree with appellant that the conclusion reached by the court below should be disturbed.

The judgment appealed from must be affirmed.